UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEWTON JULLIEN GORDON,

        Plaintiff,                  Case No. 2:23-cv-11186

v.                                   Honorable Susan K. DeClercq
                                     United States District Judge

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9)**

In December 2022, a fire broke out at a duplex owned by Plaintiff Newton Jullien Gordon. Gordon, who rented the duplex to two tenants, filed an insurance claim with Defendant State Farm Fire and Casualty Company ("State Farm"). But after reviewing Gordon's claim, State Farm refused to pay Gordon, alleging that he had made a material misrepresentation in his homeowner's insurance application which rendered the policy void. Gordon then sued State Farm for breach of contract.

State Farm now seeks summary judgment, arguing it properly rescinded Gordon's insurance policy or, alternatively, that even if the policy should not have been rescinded, Gordon would still not be entitled to collect on his insurance claim because he did not live at the duplex at the time of the fire. ECF No. 9. Gordon responds that there is a dispositive question of fact related to the materiality of

Gordon's misrepresentation. ECF No. 10. For the reasons that follow, State Farm's motion for summary judgment will be granted.

## I. BACKGROUND

In December 2021, Plaintiff Newton Jullien Gordon, a Georgia-based real-estate investor, purchased a duplex located at 17590 Stoepel Street in Detroit, Michigan ("Stoepel Street House"). ECF No. 9-11 at PageID.171. Gordon purchased the Stoepel Street House with the intention to rent the first-floor unit to his ex-girlfriend, Lakisha Nelson, who planned to buy the House from him once she could obtain a mortgage loan. *Id.* at PageID.174.

Shortly after closing on the Stoepel Street House, Gordon began shopping for insurance online. *See id.* at PageID.175. He visited State Farm's website, which displayed a drop-down menu of different types of insurance coverage. *Id.* According to Gordon, this drop-down menu only provided options for homeowner's insurance or renter's insurance—not a landlord insurance option. *Id.* Gordon selected "homeowner's insurance," believing it to be the most appropriate option available, as he would soon own the Stoepel Street House. *Id.* But, importantly, State Farm maintains that houses used as rental properties are not insured under homeowner's policies, but rental policies. *See* ECF No. 9-7 at PageID.152–53. Gordon began applying for homeowner's insurance online but then completed the application with a State Farm agent over the phone. ECF No. 9-6 at PageID.149. The homeowner's

insurance policy went into effect on December 7, 2021. ECF No. 9-8 at PageID.155.

On December 8, 2022, a fire broke out and burned down the Stoepel Street House, rendering it a "total loss." ECF No. 9-3 at PageID.140.  Gordon filed a claim the next day for $424,479.29 to cover the costs of rebuilding the Stoepel Street House. *See id.*; *see also* ECF No. 9-11 at PageID.177.

On December 21, 2022, State Farm notified Gordon that it was investigating whether Gordon made a material misrepresentation in his insurance application when he reported that he was living at the property himself whilst in fact, Gordon had rented out both units in the duplex. ECF No. 9-5 at PageID.146. On March 7, 2023, State Farm completed its investigation and determined that Gordon "concealed and misrepresented material information during the application process," which rendered the insurance policy void. ECF No. 9-9 at PageID.160.

In April 2023, Gordon sued State Farm in Wayne County Circuit Court, bringing three counts related to State Farm's refusal to pay his insurance claim on the Stoepel Street House. *See* ECF No. 1 at PageID.7–11. Gordon's Complaint alleges breach of contract (Count I), seeks appraisal (Count II), and seeks penalty interest under Michigan's Uniform Trade Practices Act (UTPA), MICH. COMP. LAWS § 500.2006 (Count III). State Farm removed the case here in May 2023, and now seeks summary judgment on all counts, arguing it is not required to pay Gordon's claim, ECF No. 9.

## II. STANDARD OF REVIEW

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). If the movant makes such a showing, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted), which requires more than a mere "scintilla of evidence," *id.* at 251, and more than "metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All inferences must be reasonable, logical, and drawn in the nonmovant's favor to determine whether any party must prevail as a matter of law. *See Liberty Lobby*, 477 U.S. at 251–52.

## III. ANALYSIS

State Farm advances two arguments for why it is not contractually obligated to pay Gordon for his claim. *See generally* ECF No. 9. First, State Farm argues that it properly rescinded its insurance contract with Gordon. *See id.* at PageID.72–76. Second, it argues that the insurance contract was voided according to the express terms of the contract. *Id.* at PageID.76–84.

### A. Recission of the Insurance Contract

In Michigan, common-law defenses such as duress, estoppel, fraud, waiver,

and unconscionability "may be invoked to avoid enforcement of an insurance policy." *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567 (Mich. 2012). Here, State Farm invokes the common-law defense of fraud, alleging it properly rescinded the insurance policy because Gordon made a material misrepresentation in his application about his use and occupancy of the Stoepel Street House. *See* ECF No. 9 at PageID.72–73.

An insurer may rescind an insurance policy if the insured made a material misrepresentation in their application. *Lash v. Allstate Ins. Co.*, 532 N.W.2d 869, 872 (1995). Even if such a misrepresentation is innocent, recission is justified so long as the insurer relied on the misrepresentation. *Peatross v. Liberty Mut. Pers. Ins. Co.*, 575 F. Supp. 3d 887, 891 (E.D. Mich. 2021), *aff'd*, No. 22-1022, 2022 WL 17169008 (6th Cir. Nov. 22, 2022) (citing *Lash*, 532 N.W.2d at 872). "A fact or representation in an application for insurance is material when communication of it would have resulted in an insurer rejecting the risk or charging an increased premium." *Id.* (citing *Brooks v. U.S. Liberty Mut. Fire Ins. Co.*, No.09-cv-10352, 2009 WL 5171728, at *5 (E.D. Mich. Dec. 30, 2009)).

Here, Gordon does not contest that he made a misrepresentation on the insurance application. *See* ECF No. 10 at PageID.227 (admitting that the Stoepel Street House was a rental property and that Gordon never lived there or intended to live there). Instead, Gordon argues that summary judgment is improper because

there remains a genuine dispute over whether the misrepresentation was material to State Farm's decision to issue the policy. Specifically, Gordon questions "whether the statements that form the basis of State Farm's recission were ever made to State Farm during the [application] process." *Id.* at PageID.233. But there is no such question of fact. Indeed, Gordon admitted in his deposition that he "chose the homeowner's insurance option" when he began completing his application. ECF No. 9-11 at PageID.174–75. Moreover, Gordon represented in his application that the Stoepel Street House would *not* be "occupied exclusively by someone other than [him]" and would *not* be vacant. ECF No. 10-1 at PageID.239 (emphasis added). And to the extent Gordon attempts to argue there is a question of fact as to whether he made those specific statements to the State Farm agent handling his application, "[i]t is not a defense that the insurance agent completed the application and that plaintiff did not read the application" before authorizing its submission. *Duker v. Everest Nat'l Ins. Co.*, No. 344229, 2019 WL 2517586, at *3 (Mich. Ct. App. June 18, 2019) (citing *Montgomery v. Fidelity & Guaranty Life Ins. Co.*, 713 N.W.2d 810, 804 (Mich. Ct. App. 2005)). Put simply, the evidence leaves no question: Gordon represented to State Farm that he himself—not just others—would occupy the house, despite knowing that he never intended to do so and would instead use it as a rental. ECF No. 10-1 at PageID.239.

Gordon next argues that this Court should follow *Ibrahim v. Liberty Mutual*

*Personal Insurance Company*, in which the court found a question of fact as to whether a misrepresentation about ownership was material to the insurer's decision to issue the policy. No. 22-10015, 2023 WL 2637370 (E.D. Mich. Mar. 24, 2023), *reconsideration denied*, No. 22-10015, 2023 WL 4446299 (E.D. Mich. Apr. 26, 2023). But in *Ibrahim*, the plaintiff insured produced an affidavit which stated that the insurer "*could* write a [homeowner's] insurance policy for a non-owner," thus creating a triable issue of fact for the jury to decide. *Id.* at *6. Here, however, there is no evidence suggesting that State Farm *could* or *would* issue a *homeowner's* insurance policy for a *rental* property. Indeed, the only evidence presented is that State Farm would *not* write a homeowner's insurance policy for a rental property. *See* ECF No. 9-7 at PageID.152–53 (averring that State Farm would not have issued a homeowner's insurance policy for a property that would be primarily used as a rental property). Thus, there is no question of fact as to the materiality of the misrepresentation like in *Ibrahim*.

In sum, the evidence shows that Gordon's misrepresentation was material, thus warranting State Farm's rescission of the policy and dismissal of Gordon's claims.

### B. Void Under Terms of Insurance Contract

State Farm also argues that, even if the policy was not properly rescinded, Gordon's claim is barred by the policy's plain language—specifically, the

concealment or fraud provision. ECF No. 9 at PageID.76–77.

The policy's fraud or concealment provision provides:

### COVERAGE A – DWELLING

1. **Dwelling.** *We* cover the *dwelling* and materials and supplies located on or adjacent to the *residence premises* for use in the construction, alteration, or repair of the *dwelling* or other structures on the *residence premises*.

ECF No. 9-2 at PageID.105. Importantly, the policy provides the following definitions:

1. Dwelling is defined as "the building structure on the residence premises used as the primary private residence and includes structures attached to the dwelling[.]"

*Id.* at PageID.102.

2. Residence premises "means:
    a. The one, two, three, or four family dwelling, other structures and grounds; or
    b. That part of any other building structure; where you reside and which is shown in the Declarations."

*Id.* at PageID.104.

State Farm argues that, under the Policy's plain terms, the Policy only provided coverage for the dwelling that was "used as the [insured's] primary residence" and the residence premises "where [the insured] reside[s]." And because Gordon did not reside at the Stoepel Street House, the Policy does not require State Farm to pay Gordon's claim. ECF No. 9 at PageID.77–84.

Gordon does not dispute the merits of State Farm's argument. *See* ECF No.

10 at PageID.234–36. Indeed, numerous courts have reached the same conclusion under similar or identical contract terms. *See Heniser v. Frankenmuth Mut. Ins. Co.*, 534 N.W.2d 502, 510 (Mich. 1995) (finding defendant insurer was not required to cover loss where insurance policy required the insured plaintiff to reside at the insured property and plaintiff did not); *Wilkerson v. Allstate Ins. Co.*, No. 13-cv-11141, 2013 WL 12123672, at *2 (E.D. Mich. Nov. 15, 2013) (same); *Washington v. Allstate Prop. & Cas. Ins. Co.*, No. 305473, 2013 WL 195518, at *3 (Mich. Ct. App. Jan. 17, 2013) (same). Instead, Gordon responds that State Farm waived this argument by not expressly asserting it in the denial-of-coverage letter it sent Gordon. ECF No. 10 at PageID.234; *see also* ECF No. 9-9 at PageID.160–60 (denying coverage of Gordon's claim after concluding that his policy was based on a material misrepresentation and therefore void).

True, under Michigan law, an insurer waives its right to assert an affirmative defense that it did not state in its denial-of-coverage letter. *See Bartlett Invs. Inc. v. Certain Underwriters at Lloyd's London*, 899 N.W.2d 761, 763 (Mich. Ct. App. 2017) (citing *Smith v. Grange Mut. Fire Ins. Co. of Mich.*, 208 N.W. 145, 146–47 (Mich. 1926)). But an insurer's failure to state an affirmative defense in its denial-of-coverage letter may not be considered a waiver if such waiver would expand the coverage of a policy "to protect against risks that were not included in the policy." *N. Shore Inj. Ctr., Inc. v. GEICO Gen. Ins. Co.*, No. 330124, 2017 WL 1109900, at

\*3 (Mich. Ct. App. Mar. 21, 2017) (citing *Kirschner v. Process Design Assoc., Inc.*, 592 N.W.2d 707, 709–10 (Mich. 1999)); *see also Durham v. Auto Club Grp. Ins. Co.*, No. 329667, 2016 WL 7233319, at \*2–5 (Mich. Ct. App. Dec. 13, 2016) (detailing common-law history of the waiver rule and the articulated exceptions to it in Michigan). State Farm argues that this exception—often called the *Ruddock* exception—applies here. ECF No. 11 at PageID.267; *Ruddock v. Detroit Life Ins. Co.*, 177 N.W. 242, 248 (Mich. 1920) (declining to "apply the doctrine of estoppel and waiver" where such application would "make [the] contract of insurance cover a loss it never covered by its terms" that was "contrary to the express provisions of the contract the parties did make").

State Farm is correct: the *Ruddock* exception applies here, and so its argument is not waived. The Policy provides that State Farm will cover only the insured's primary residence. *See* ECF No. 9-2 at PageID.102–05. If State Farm's defense based on this language were to be waived, the Policy would expand to cover new risks not originally contemplated—namely, a rental property like the Stoepel Street House. That result would be "contrary to the express provisions of the contract the parties did make." *Ruddock*, 177 N.W. at 248; *see also Bartlett Invs. Inc.*, 899 N.W.2d at 763 (concluding *Ruddock* exception applied because the policy term was "specifically intended" to bar coverage of the type of loss the plaintiff claimed).

In sum, State Farm's defense that the Policy did not apply was not waived,

and under the Policy's terms, it did not cover a rental property like the Stoepel Street House. So even if recission was improper, State Farm would still be entitled to summary judgment.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 9, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 11/7/2024